**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00624-WYD-MJW

MHC MUTUAL CONVERSION FUND, L.P., On Behalf of Itself and All Others Similarly Situated,

     Plaintiff,

v.

UNITED WESTERN BANCORP, INC.,
SANDLER O'NEILL & PARTNERS, L.P.,
FBR CAPITAL MARKETS & CO.,
SCOT T. WETZEL,
WILLIAM D. SNIDER,
GUY A. GIBSON,
MICHAEL J. MCCLOSKEY,
ROBERT T. SLEZAK,
LESTER RAVITZ,
DR. JAMES H. BULLOCK,
JEFFREY R. LEEDS,
BERNARD C. DARRE,
MCGLADREY & PULLEN, LLP, and
CROWE HORWATH LLP,

     Defendants.

_____

**MOTION OF PLAINTIFF MHC MUTUAL CONVERSION FUND, L.P. AND CLOVER PARTNERS, L.P. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**
_____

Named plaintiff MHC Mutual Conversion Fund, L.P. ("Plaintiff") and class member Clover Partners, L.P. ("Clover") (collectively, "Movant") hereby move this Court for an order: (i) appointing them as Lead Plaintiff, as provided by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1, *et seq.* ("PSLRA"); and (ii) approving their selection of Denver-based Dyer & Berens LLP as Lead Counsel in this putative class action.[1]

## I.   PRELIMINARY STATEMENT

Plaintiff brought this securities class action pursuant to the PSLRA and alleges that defendants violated §§11, 12(a)(2) and 15 of the Securities Act of 1933 (15 U.S.C. §§77k, 77l(a)(2), 77o) ("Securities Act"), as amended by the PSLRA, in connection with United Western Bancorp, Inc.'s ("United Western" or the "Company") stock offering on September 17, 2009 (the "Offering"), which raised in excess of $80 million for the Company.

Pursuant to §27(a)(3)(B)(iii) of the Securities Act, the Court is to appoint as Lead Plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. §77z-1(a)(3)(B)(iii). The Court is then to consider whether to approve the Lead Plaintiff's selection of Lead Counsel. 15 U.S.C. §77z-1(a)(3)(B)(v). Here, Movant should be appointed as Lead Plaintiff because: (1)

---

[1]   Pursuant to D.C.COLO.LCivR 7.1A, Movant's counsel has conferred in good faith with counsel for those defendants who have appeared in the case. Counsel for Crowe Horwath LLP, Sandler O'Neill & Partners, L.P., and United Western Bancorp, Inc. do not take a position on this Motion's request for appointment of Lead Plaintiff and Lead Counsel, but reserve the right to respond if appropriate including raising whatever objections they may have at the class certification stage if a motion for class certification is ever filed. Counsel for McGladrey & Pullen, LLP is reserving its right to respond if appropriate. Movant's counsel notes that it is not reasonably possible to confer with all other potential lead plaintiff movants since investors that are not currently parties to this case are allowed to seek appointment through counsel of their choice.

its motion is timely; (2) to the best of its knowledge, having purchased more than ***one million shares*** directly in the Offering (and an additional three hundred thousand shares thereafter), and having suffered more than ***$2,287,000 in losses*** related to its purchases, it possesses the largest financial interest in the litigation; and (3) it will adequately represent the interests of the entire putative class. 15 U.S.C. §77z-1(a)(3)(B)(iii).  Further, Movant's selection of a single, local law firm, Dyer & Berens LLP, to serve as Lead Counsel should also be approved. 15 U.S.C. §77z-1(a)(3)(B)(v).

## II.   STATEMENT OF THE FACTS

This securities class action is brought on behalf of all persons who acquired United Western common stock pursuant and/or traceable to a false and misleading registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's September 17, 2009 Offering.[2]  The action asserts strict liability claims under the Securities Act against the Company, its officers and/or directors, its auditors, and the investment banks which underwrote the Offering (collectively, the "Defendants").

United Western is a unitary thrift holding company headquartered in Denver, Colorado. During the relevant period, it operated United Western Bank (the "Bank") as a wholly owned subsidiary.  On September 17, 2009, Defendants consummated the Offering pursuant to the false and misleading Registration Statement, selling 20 million shares of United Western common stock at $4.00 per share, for proceeds of $80 million.  The Company received additional gross proceeds of $7.8 million (1,961,325 shares issued at $4.00/share) as a result of the partial

---

[2]   The allegations are taken from Plaintiff's Class Action Complaint for Violations of the Securities Act of 1933 and Jury Demand dated March 11, 2011 (Doc. #1).

exercise of the over-allotment option to purchase additional shares granted to the underwriters. The Registration Statement incorporated, among other documents, United Western's reported financial results and SEC Form 10-K/A for 2008, and the reported financial results and Form 10-Q for the second quarter of 2009.

The true, undisclosed facts which were omitted from and misstated in the Registration Statement were, among others, that: (a) United Western's mortgage backed securities ("MBSs") and collateralized mortgage obligations ("CMOs") were impaired to a far greater extent than the Company had disclosed; (b) Defendants failed to properly record losses for other than temporary impairment ("OTTI") in United Western's non-agency MBSs and CMOs; (c) the Company's internal controls were inadequate to prevent it from improperly reporting its impaired assets; and (d) the Company's capital base was not adequate in light of the impairment of its assets.

United Western ultimately announced multi-million dollar impairments in its investment securities portfolio, specifically in MBSs and CMOs, causing the price of its common stock to drastically decline. In turn, on January 21, 2011, the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for the Bank by the Office of Thrift Supervision ("OTS") under the Federal Deposit Insurance Act. The FDIC immediately sold the Bank to First-Citizens Bank & Trust Company ("First Citizens") of Raleigh, North Carolina. First Citizens began operating the Bank under a new name commencing on January 24, 2011. United Western's common stock was delisted from the NASDAQ on February 28, 2011 and now trades for about $0.04 per share, that is, a mere 1.0% of the $4.00 per share Offering price.

### III.  ARGUMENT

#### A.  Movant is the "Most Adequate" Plaintiff

##### 1.  The PSLRA's Lead Plaintiff Provisions

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§77z-1(a)(1) and (a)(3)(B)(i).  First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §77z-1(a)(3)(A)(i).  Here, the first notice regarding the pendency of this action was published on March 18, 2011 by Dyer & Berens LLP, on *Marketwire*, a national, business-oriented newswire service.  *See* Declaration of Jeffrey A. Berens in Support of Motion of Plaintiff MHC Mutual Conversion Fund, L.P. and Clover Partners, L.P. for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Berens Decl."), Ex. A ("The Denver-Based Law Firm of Dyer & Berens LLP Files Class Action Lawsuit on Behalf of Certain Investors Who Purchased United Western Bancorp, Inc. Common Stock (UWBK.PK)").  Within 60 days after publication of the notice, any "person or group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing

the interests of class members. 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Securities Act] is the person ***or group of persons*** that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii) (emphasis added). Only by showing that a lead plaintiff will not fairly and adequately represent the class, or is subject to unique defenses that will render such plaintiff incapable of adequately representing the class, will this presumption be overcome. 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

### 2. Movant Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. Movant's Motion Is Timely

Movant has timely filed its motion within 60 days of the March 18, 2011, publication of notice, and its members have duly signed and filed certifications evidencing, among other things, their willingness to serve as representative parties on behalf of the class. *See* Berens Decl., Ex. B. Plaintiff, MHC Mutual Conversion Fund, L.P., has also previously filed the only complaint in this matter. 15 U.S.C. §77z-1(a)(3)(B)(iii)(aa). Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff considered by the Court.

### b. Movant's Members Are Precisely the Type of Institutional Investors Envisioned by the PSLRA

Movant's members, which are sophisticated institutional investors, are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) (the "PSLRA was enacted to encourage Institutional investors to take a more active role in securities litigation").

### c. Movant Has the Largest Financial Interest in the Relief Sought by the Class

Movant purchased more than one million shares of common stock in the September 17, 2009 Offering, and more than three hundred thousand shares thereafter, and suffered estimated losses of $2,287,173 in connection therewith. *See* Berens Decl., Ex. C. Movant therefore believes it has the largest financial interest in this class action compared to any other party moving for lead plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

The PSLRA provides that there is a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb). "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . ." *Ferrari v.*

- 7 -

*Gisch*, 225 F.R.D. 599, 603 (C.D. Cal. 2004) (citing *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). Movant, therefore, is presumptively the "most adequate plaintiff" pursuant to the PSLRA.[3]

### d. Movant Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Id.*

While the PSLRA dictates that a lead plaintiff meet the requirements of Rule 23(a), "'[o]f the four prerequisites to class certification, only two – typicality and adequacy – directly address

---

[3] Should the Court for any reason find the appointment of a group to be inappropriate in this case, Plaintiff MHC Mutual Conversion Fund, L.P., which is the only class member that filed a complaint, and Clover Partners, L.P., which has more than $1.8 million in losses, are each willing and able to serve as the sole lead plaintiff. *Cf. In re Level 3 Comm'ns, Inc. Sec. Litig.*, No. 09-cv-00200-PAB-CBS, 2009 U.S. Dist. LEXIS 44706, at *17 (D. Colo. May 4, 2009) ("the Level 3 Plaintiffs Group did not request that any of its constituents be appointed as lead plaintiff individually in the event the Court declined to appoint the group. Therefore, neither Mr. Elko nor Mr. Nedry satisfies the prerequisite of the Reform Act's lead plaintiff provision that the person "made a motion" in response to the notice of the putative class action."); *but see* 15 U.S.C. §77z-1(a)(3)(B)(iii)(aa) (allowing for appointment of a plaintiff that files a complaint without requiring that the plaintiff bring a motion for appointment).

the personal characteristics of the class representative.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *4 (S.D.N.Y. July 8, 2008) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004)). Consequently, in deciding a motion to serve as lead plaintiff, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Crocs, Inc. Sec. Litig.*, No. 07-cv-02351-REB-KLM, 2008 WL 4298316, at *2 (D. Colo. Sept. 17, 2008).

Rule 23(a)(3) requires that the claims or defenses of the representative parties are typical of those of the class. Typicality exists where the plaintiff's claims arise from the same injury and course of conduct and are based on the same legal theories as the claims of all the class members. *Id.* Here, there is a well-defined community of interest in the questions of law and fact involved in this case, of which Movant is a part. Because the claims asserted by Movant is premised on the same legal and remedial theories and are based on the same types of misrepresentations and omissions as the class's claims, typicality is satisfied. *See* 7 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* §22.24, at 107-08 (4th ed. 2002) ("The majority of class action decisions support the view that when it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met."); *Crocs*, 2008 WL 4298316, at *2.

Under Rule 23(a)(4), a representative party must also "fairly and adequately protect the interests of the class." *Id*. A lead plaintiff satisfies the adequacy requirement with "proof of '(1) the absence of potential conflict between the named plaintiffs and the class members and (2) that counsel chosen by the [lead plaintiff] is qualified, experienced and able to vigorously

conduct the proposed litigation.'" *Crocs*, 2008 WL 4298316, at *2 (citation omitted). Accordingly, Movant is an adequate representative. It has carefully investigated its claims and the claims of the putative class, and Plaintiff filed the only complaint in this matter. Further, as evidenced by its injuries, Movant's interests are clearly aligned with the members of the class who also suffered damages due to the false and misleading Registration Statement and there is no evidence of any antagonism between Movant's interests and those of the other members of the class.[4] Finally, Movant has retained an experienced law firm, based here in Denver, to efficiently prosecute its claims and the claims of all class members.

### B. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. §77z-1(a)(3)(B)(v). The Court should not disturb lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa). Movant has selected a single local law firm, Dyer & Berens LLP, as Lead Counsel for the class. The firm possesses extensive experience in securities class actions and other complex litigation such as this action. In fact, Dyer & Berens LLP's attorneys have been lead or liaison counsel in more than a dozen similar securities class actions in the District of Colorado alone. *See* Berens Decl., Ex. D. Thus, the Court may be

---

[4] While Movant is made up of two separate entities, there can be no legitimate concern as to whether the members will act cohesively in overseeing the litigation. MHC Mutual Conversion Fund, L.P. and Clover Partners, L.P. are related entities and are controlled by and are operated through many of the same people, including Johnny Guerry, who acted on behalf of both in executing the plaintiff certifications. *See* Berens Decl., Ex. B. In fact, Clover Partners, L.P. serves as the general partner of MHC Mutual Conversion Fund, L.P.

assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (i) appoint it as Lead Plaintiff; (ii) approve its selection of Dyer & Berens LLP as Lead Counsel; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  May 17, 2011                                               DYER & BERENS LLP

                                                                                             s/ Jeffrey A. Berens
Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: bob@dyerberens.com
Email: jeff@dyerberens.com
Email: darby@dyerberens.com

*Proposed Lead Counsel for Movant and the Putative Class*

Christopher M. Hodge
HODGE LAW FIRM, P.A.
1301 Riverplace Boulevard, Suite 1100
Jacksonville, FL  32207
Telephone:  (904) 520-7706
FAX: (904) 520-7800
Email: chodge@hodgelaw.net

Matthew Montgomery
MATTHEW MONTGOMERY,
ATTORNEY AT LAW INC., APC
645 Front Street, #318
San Diego, CA  92101
Telephone: (619) 247-9154

Email: matthewpmontgomery@gmail.com

*Additional Counsel for Movant*

---

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: May 17, 2011.

s/ JEFFREY A. BERENS
JEFFREY A. BERENS
DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: jeff@dyerberens.com